Our first case this morning is CRAWFORD v. ARMY. Mr. Estes. May it please the Court, my name is Matthew Estes, arguing for Petitioner Daryl Crawford. We ask that the Court reverse the Board's decision dismissing the Petitioner Collins' petition for enforcement as moot and remand to the Merit Systems Protection Board for the issuance of an order to the agency to comply with the initial Administrative Judge's decision and order. We ask that the Court, in construing you, Sarah, liberally in favor of the veteran as it is required, determine that like status means more than just a position in the same field of work. Well, the regulation does refer to duties as part of the status inquiry. Are you arguing that the duties language establishes a separate requirement that has to be satisfied, or that duties have to be considered as part of a totality of the circumstances analysis? Certainly it would be a part of the totality of circumstances. I think when it comes to status, as status and union pay are required, but focusing just as we should in this case on status, which is really at issue, the primary part of status, we'd argue, and where the agency falls short here, is in the duties. And the agency has attempted to... But I think you're not quite answering my question. The question is, is duties a separate requirement that has to be satisfied in each case, or is it just part of an overall totality of the circumstances analysis? It is only part of the status analysis. It is not separate or part of the status. Not a separate requirement. No, it's not. What's his specific objection to this new job? It seems like, if anything, he has more responsibility. Well, again, I... He doesn't want to do more. Well, the statute doesn't require the agency to put him into a position that may have more, and that doesn't resolve the problem of putting him in a position of like status. Giving him greater responsibility arguably does not comply with the requirements of USERRA. That's his objection, that he's been given more status than he deserves. No, we wouldn't agree with the agency that there is more status, that their position of the differences between the position he's in now and the position he was in prior to military service. But the additional responsibilities, to the extent they even existed, doesn't satisfy the requirement for it to be like status. In looking at the duties, the petitioner's objection to these duties, are they radically dissimilar? How much leeway... It's very difficult, of course, to find an identical job, particularly in the field like technology where everything changes so fast and duties change fast. Frankly, I think the job he had before doesn't exist anymore. How do we accommodate the Army's need to help find a like job at the same time recognizing that those jobs change so fast? Well, we don't know for sure that there is a position that exists. The agency hasn't conducted a search... Have you found another job that's identical? No, and the contention that our argument is that the positions need to be identical or that the duties need to be identical is false. We are not saying they need to be identical, but they need to be more similar than what they are here. The positions are radically dissimilar between what he did prior... He was working in hardware, now he's working in software. Both of those are in the technology field. I wouldn't say he's really working with software. If you look at what he's doing, he's doing administrative functions. He's not working with the software any more than anyone who uses a computer works with Excel or Word documents. He is tracking and logging the software. A comparison or analogy I would make is if a mechanic leaves on military service, his job was to build cars, to repair cars, to repair the parts. He comes back, he no longer deals with the parts at all. All he does is keep a log of what the different parts are and make sure they're paid for and there are receipts in place. While it's in the same field and that he works in logging computer parts and what they are and what the software programs are that the agency has in place, he's doing nothing in terms of the core duties that he had before. The software revolution has outmoded most hardware. We do things with software we used to do with hardware. Going back to a point you made earlier in terms of the position doesn't exist. That's absolutely right. That's part of the reason we believe that the position they're putting him in, the agency's placing him in, is not similar. The agency abolished his position. They've stated numerous times in the record that the duties that he performed previously and the duties of everyone who handled hardware and software installation, maintenance, and repair work are now performed by contractors. It's been outsourced, if I understand it correctly, because the people at Lockheed are performing the same tasks that he used to perform, so it's not as though the job has been outmoded by technology. Exactly. It's just been outsourced. Those positions may still exist outside of the Army Corps of Engineers and the larger Army as the administrative judge's order originally asked them to look for. The agency came back originally and said, well, there are no positions of like status, which means in the first instance they thought this position that they ultimately put him in was not of like status. They then changed their mind and suddenly located this after the order granting the petitioner enforcement. But, again, we're not also claiming that we're not capable of doing the search that we're asking the agency to do. We don't know if there are positions within the Army in his commuting area that are of like status. What we would like is the agency to conduct that search to let us know what the results of that search are and if there is a position placement, and if there are not, because they have transferred all of those like status positions to contractors and there are no positions of like status, and we certainly believe this is not one, then what the agency actually attempted to do the first time, or the second time I should say, they go to OPM and they get OPM placement assistance. So a hardware job that has the like status and similar duties to what the petitioner was performing before. So I think you may be asking us to ascribe responsibilities to the Army that just aren't in the statute. I mean, they're required to provide a position of like seniority, status, and pay and duties. You say that the position that he has is of like seniority and pay and status, except when it comes to duties. The problem here are the duties, isn't it? The duties are the primary problem. How do we define duties? Is it in terms of responsibilities? Is it like your job description? Or is it the subject matter that you're handling? If you're a mechanic and you're given another mechanic job, you have like duties. You want us to find that if you're a mechanic that handles carburetors and now you're a mechanic that handles distributors, that it's not a like duty. With that analogy, I don't necessarily agree that that's what we're asking or what we're claiming is required of the statute. The statute isn't clear and the regulations aren't clear, and there's not much case law on this issue of status and defining what responsibilities are versus what duties are. We would argue the duties are the day-to-day duties of the job. They reflect the skills that are needed to perform the job. And one thing that we refer back to the little guidance to get, if you look at the legislative history, Congress says it's certainly not going to be of like status if the employee loses the ability to perform a specialized skill. But the legislative history says it does not allow for the use of specialized skill in a unique situation. What is meant by a unique situation? I believe unique situation would be, obviously it depends on what the unique skill is of the specialized skill, but certainly in this case, his job was repairing software or repairing hardware, installing hardware, fixing computers, dealing with microchips. If there's a problem with computers, he's going in and actually working on them. Now he's just keeping track. He's doing administrative duties. Let me tell you why I see the problem as being here. The statute was designed to ensure that people got their jobs back and that they weren't prejudiced by their military service, right? The problem is that here, even if he'd stayed, his job would have been outsourced. The outsource wasn't the result of his military service. So we have a situation in which this would have happened anyway, and how are we supposed to crank that into the analysis here? Frank, I know the Board focuses on that. Given what the statute says and what the clear meaning of the requirements of the re-employment statute and the position they're required to place him into when he returns, there is no escalator position. When there's no escalator position, the next analysis is a position of like status, that other people who didn't go on military duty were ultimately. . . It's the fact of the outsourcing of all these jobs irrelevant to the analysis? It's relevant to the fact that there is no escalator position to place him into, so you have to go to like status, like pay seniority and status. It informs you as to what part of the statute you look to to see what position he's being employed in. That's the only consequence of it? As far as I can tell under USERRA, that's the only relevance that that has. It impacts whether or not there's an escalator position. CFR section 353.209 refers to the employee's position as having been abolished. This position was outsourced, not abolished. And this is where, again, we're not saying that they . . . the agency may determine that there is no like status position to place him into, and there the statute requires OPM to come in and find a like status position in another federal agency. That is set up in the statutory language. It's a process that the agency actually attempted to go to before the petition of enforcement was filed, and that may ultimately be what should happen under USERRA here. We don't know because we haven't seen the results of the search to determine whether or not there is a position of like status. We know that the position they're placing him in, or we argue the position they're placing him in now, is not a like status. And all we would ask is that the agency be required to conduct a search, let the judge and the appellant, petitioner or appellant, know what that search was, what it uncovered, what the actions they took to determine whether there was a like status position. And if they determine there isn't, and that's valid, then OPM steps in and places him into a position of like status. What they've done instead is taken over... What is the mistake the board has made? The board has made a mistake by finding that the case is moot. Part of that finding that this position was a like status and therefore finding that the agency is complying with its requirements under USERRA. We, of course, argue that they have not. It's not a like status. So you would say their mistake is in interpreting the term like status. In applying the term to the facts of this case and the two positions, the position he was previously in and the position he was placed in most recently, and applying like status to the facts of this case. Under our standard of review, how would you characterize their mistake? The board's decision is not supported by substantial evidence. There are also some minor errors of law in there in regards to whether or not, if he can be qualified, that makes any difference. We argue that's completely irrelevant. It has to be like status before any issue about qualification comes into play. But we argue that looking at the duties of the position and how radically dissimilar they are and how it completely changes his career progression. His job duties are not the same. While working in the same field, he's not doing anything similar to what he previously did. That cannot be, under these circumstances, like status. Would you like to preserve your rebuttal? I would. Thank you. Ms. Stern? May it please the Court. The issue before this Court is... Suppose we had a situation in which instead of outsourcing the jobs, his job had been given to somebody else. He comes back and says, I'd like my old job back. And they say, we're going to give you the same thing. They couldn't do that. They say, we're going to give you this new job that has this administrative software responsibility. They couldn't do that, right? Actually, the statute does give the agency the alternative of either placing him back in his old job, if it exists, even if it's encumbered by another individual, or of placing him in a position of like status, seniority, and pay. Well, I understand that. But in terms of seeing whether the status is the same, you're saying that even if the exact same job existed, hadn't been outsourced, that they could satisfy it by putting him in a job with significantly different duties? Well, significantly different duties would depend, in your hypothetical, whether the duties were sufficiently dissimilar to affect the like status analysis. If the two positions were of like status, then the agency would, in fact, have the alternative. So it makes no difference that the jobs were outsourced here? Well, the only difference that I would say it makes in this case is the fact that all of Mr. Crawford's former colleagues who held the same position that he did, doing the same thing that he did before the positions were abolished, several of them now work in the position. Well, what's the answer to my question? Does it make a difference in terms of the analysis that the jobs were outsourced rather than being still existing and filled by other people? Well, I guess what I'm trying to say is it makes a difference because it provides further evidence, in this case, that the position he was offered is of like status because his rank within the organization is the same as it was before. He has the same position as his colleagues that were the same colleagues he had before. I don't see that as being responsible. It doesn't make a difference in the sense that, as I said initially, if the job is abolished or not. Yeah, I'd like to hear what you were trying to say. The people that had the same job that he had, where are they now? All of their jobs were also abolished in this instance, and so they were given the opportunity to either apply for jobs in the new organization where Mr. Crawford now works, doing what he now does, or to be transferred to a different non-information technology position. Several of them did apply and got jobs doing what Mr. Crawford is doing. So his colleagues in the job he had before are now doing the same thing he's doing now. Several of them. Not all of them applied for those jobs or were selected, but several of them do. And so in this case, just given the unique facts of this case, that is further evidence that his status and his duties as they impact on his status are alike because he's still in the same position relative to his coworkers. So is the answer that the outsourcing is relevant? Well, I think what I'm trying to say, and maybe not as articulate as I might, is that in this case it's relevant just because it provides further evidence. Evidence of what? Evidence that his status within the organization is the same as it was before he performed his military service. Because we can look at this specific situation because not only was his job abolished, but his coworkers' jobs also happened to have been abolished, and several of them are working in the same position he is now working in. So we might have a situation in which if somebody else had been given his old job, that the agency would lose, but where it's been outsourced and everybody's been treated the same way, the agency would win. That's not really what I'm saying. If the agency, and I am sorry that I'm not explaining as well as I might. If the agency, for example, had abolished his job, I'm sorry. And then those people had gotten jobs in the ACID organization. And Mr. Crawford had come back, and the agency, rather than giving back his job, his job still exists, but it's been refilled by someone new, had decided to give him a light position in ACID. We would still be making the same argument that the fact that his colleagues, he's still working alongside them doing the same thing, is evidence that his relative rank in the organization is the same and that his change in duties and job has not affected his status. That would be the same whether his job was abolished or not abolished. I don't necessarily follow that. And especially in this situation, Mr. Crawford appears that he was considered somewhat of an expert in the work that he was doing. That's not really the case, Your Honor. His supervisor, Mr. Wardwell Leo, provided an affidavit to the board that we included in the appendix to our brief. Mr. Leo was his supervisor prior to his military service. He remained his supervisor in his new position that he is now, post-service. Mr. Leo stated that he's basically his so-called expertise in dealing with hardware, that the hardware part of his job consisted of taking the computer out of the box. Well, he perceived that he had an expertise, and apparently he had, there was a perception that he had an expertise. I'm not referring to whether he's a supervisor again. I'm referring to that he had expertise in his position, and he was recognized for that expertise. And I'm saying that the record doesn't actually support that, that his supervisor said that he didn't have particular expertise. Okay, well, suppose you have somebody who is recognized as an expert, and they're called upon, and they move around a lot. They go different parts of the country in order to fix things, and this person is known for that. Now they're put in a position that's a totally different subject matter. They don't have the expertise. They're not called upon. They sit in an office, answer the phone. They're not out fixing things, not out quelling crises. Are you saying that that's the same status? I'm saying that the statute clearly tolerates some distinction in job duties between a pre-service and a post-service position because it allows for a restoration to a position of like status and not necessarily of exact same status. So the statute, the plain language of the statute, recognizes that an individual may be restored to a position that does not have the exact same duties. So the question, of course, arises, how great can the distinction in duties be? Well, the legislative history that Mr. Crawford cites in his reply brief has some language that says, if the duties are of such a specialized and unique nature, then that alone may be sufficient to indicate not of like status. But the use of those words in the legislative history, specialized and unique, further reinforces the idea that not just any difference in duties is sufficient to make it of unlike status. And also in the legislative history, the House report cites with approval to a case called Monday v. American Adams Packing Association. We did not cite that case in our brief because it did not come to our attention until Mr. Crawford cited to the legislative history in his reply. But in that case, the individual was working as a carpenter's assistant prior to his military service. And when he came back, he was placed in a forklift operator's position. And the court found that those two positions were of like status. And the Congress in the House report cited specifically to that case. Which case is this? It's called Monday v. Adams Packing Association. It is cited in the legislative history in the exact same paragraph that Mr. Crawford refers to in his reply brief. It's the sentence right before the one that he cites with the specialized and unique talent. So clearly, Congress in the legislative history was recognizing that as big a difference as carpenter versus forklift operator was still of like status. Differences in duties are significant. I would suggest to the extent they impact on status. As this court said in Nicholson, for example, the differences between Mr. Nicholson's duties before he left for service and after was that when he came back, he had to report to the individual that held the position he used to hold. So clearly, his difference in duties impacted on his status. But in this case, Mr. Crawford came back. He was reporting to the exact same person. He was at the exact same level in the organization as his former coworkers were. He was in the exact same information technology field. The board found, the board looked at the old position and new position description. Let me ask you a question. Yes, Your Honor. Suppose we were to hold hypothetically that if this job had been given, the job still existed and was given to another person and he came back and they gave him this administrative slash software job that's involved here, that that would be a violation of USERRA. That he would be required to be put back in a position similar to the one that he used to have. Suppose we found that were, hypothetically, that that would be a violation of USERRA. Do you lose this case or is this case different because the job was outsourced along with all the other jobs that were similar to it? Well, given that hypothetical, then I would say that that violation... That hypothetical would be inconsistent with the Monday case, which you just talked about. It would be. And I frankly, I don't mean any disrespect, Your Honor, but I think it would be inconsistent with the statute. The statute is really loud. Well, I understand that. But it's just a hypothetical. What's the answer? Is this case different from that one? This case is different because his position just doesn't exist anymore. It just doesn't. And so the agency gave him a position that was in the same field that had him reporting to the exact same supervisor that had him doing the same duties as his former colleagues are doing that had him working under general supervision but doing some duties independently. The board compared the two job position descriptions, and the board found them sufficiently similar to, under the totality of circumstances, make the positions of like status. We would assert that that board determination is supported by substantial evidence, which I hope I've just outlined in going through those factors. Because the board properly found that Mr. Crawford's restored position was of like status, and again, many of the attributes of like status were not even disputed. Mr. Crawford did not dispute the attributes of like status that include rank, responsibility, working conditions, pay, tenure. Those were all undisputed. The only attribute of like status that was disputed at all was the duties. The board found the duties of the two positions substantially, excuse me, sufficiently similar that, in consideration with all the other attributes of like status, made the two jobs of like status, and that determination is supported by substantial evidence. And for that reason, the board's decision should be affirmed. Thank you, Ms. Durst. Thank you. Dr. Estes, you have two and a half minutes. Thank you. First, I want to mention again, and this is not a case about discrimination. So a comparison to the employees that Mr. Crawford used to work with is really misplaced, essentially a red herring. The statute does not require the agency or does not require a comparison between the coworkers. It requires a comparison between the status of the position he's placed into under 4313. But if everybody he was working with was sent to this new job, doesn't that suggest that he would have gone with them had he been present? And then it would be an argument that that would be the escalator position. That's not what occurred here. Not everyone was placed there. Some people chose to apply for those jobs and got them. Some people applied for other jobs. People moved around. It wasn't a situation where the escalator position, where he would have been had he stayed, he would have been in that position. It's clear from the record that the position he would have been had he stayed was abolished. In that case, the law requires that the agency assign him to a position of life status, seniority, and pay. If none of those exist, then they are allowed to seek OPM's assistance in placing him in that position. And you think it's irrelevant as an indicator of life status that his coworkers are now working in the same position he's in? Under these circumstances where some of his coworkers chose to apply for these positions. Is it irrelevant? Yes. It's irrelevant to a termination or 4313. It's irrelevant. Yes. That's a bit of a stretch, but if you think so. The only relevance would be to whether or not that is the escalator position. Relevance is a pretty broad term. I don't think I'd have said what you said. Go ahead. Well, just to clarify that, I don't believe that if these individuals had, let's say all these individuals had gone and taken jobs in a completely different field, for instance, which the only similarity between these two positions is that the new position somewhat relates to the IT field. If those employees all took positions in HR, for instance, we certainly wouldn't compare. I wouldn't say that because those employees now work in HR that an HR position would be relevant to an IT position, especially depending on what the duties would be. So where those employees chose to go when their jobs were abolished is, I argue again, is irrelevant to what is required under 4313 and 4312. The only similarity, again, between these duties is the extent they are in the IT field. I think the board focuses wrongly on the coworkers. I think the board errs in just saying that because it's in the IT field that it's the same, and I see that my time's up. Thank you, Mr. Estes. I think we have your argument.